IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY BENDER,

    Plaintiff,

  v.

INTERSIL CORPORATION,

    Defendant.
    _____/

No. C 09-01155 CW

ORDER DENYING DEFENDANT INTERSIL CORPORATION'S MOTION TO DISMISS (Docket No. 12)

    Defendant Intersil Corporation moves to dismiss Plaintiff Gregory Bender's patent infringement suit, arguing it was not properly served.  Plaintiff Gregory Bender opposes this motion.  The motion was decided on the papers.  Having considered all of the papers filed by the parties, the Court denies the motion to dismiss.

## BACKGROUND

    On March 16, 2009, Plaintiff filed his patent infringement suit against Defendant.  In the complaint, Plaintiff alleges that Defendant infringed U.S. Patent No. 5,103,188 (the '188 patent) and that he suffered damages as a result.  Compl. ¶¶ 8-11.

    Plaintiff's agent Mr. Micah Yospe first attempted to serve process on Defendant on July 13, 2009.  Mr. Yospe went to Defendant's offices and spoke to an unidentified individual at the

receptionist's desk.[1]  Yospe Decl. ¶¶ 1, 3.  Mr. Yospe asked the receptionist to find either an officer or a managing agent. Id. ¶ 3.  The receptionist made several telephone calls and replied that she could not reach any managers or personnel in the legal department.  Id.  Mr. Yospe called Plaintiff's counsel, who told him to leave and try again the next morning.  Id. ¶ 4.

On July 14, 2009, Mr. Yospe returned to Defendant's offices and spoke with the same receptionist.  Id.  The receptionist stated that she now "knew who to call."  Id.  When she inquired into Mr. Yospe's purpose, he responded that he intended to serve process on Defendant.  Id.  She then contacted Ms. Debbie Johnson, who met Mr. Yospe and identified herself as "Administration Manager for Intersil Corporation."  Id.  Thereafter, Ms. Johnson accepted a package that Mr. Yospe identified to Ms. Johnson as containing Plaintiff's legal process.  Id.

LEGAL STANDARD

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient.  Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).  A court may dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5).  Once a defendant challenges service, a plaintiff "bear[s] the burden of establishing that service was valid under [Federal Rule of Civil Procedure 4]."  Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

---

[1] The Court notes that the unnamed individual was not identified as a receptionist.  Nevertheless, for ease of reference, the Court describes the individual as a receptionist throughout this order.

2

DISCUSSION

Federal Rule of Civil Procedure 4(h) governs service on a corporate defendant like Intersil.  Under Rule 4(h)(1)(b), a plaintiff may serve a defendant "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."  Fed. R. Civ. P. 4(h)(1)(B). Whether an individual constitutes a "managing or general agent" requires a factual analysis of "that person's authority within the organization."  Direct Mail Specialists, Inc. v. Eclat Computerized Techs., 840 F.2d 685, 688 (9th Cir. 1988).  Service would be proper upon an individual "so integrated with the organization that he will know what to do with the papers."  Id.  In determining whether the proper individual was served, a court considers whether the individual "stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service."  Id. (citations omitted)  Though a plaintiff must substantially comply with Rule 4, the rule "should be liberally construed so long as a party receives sufficient notice of the complaint."  Id.

Defendant argues that it was not properly served by Plaintiff because Ms. Johnson's title of "Administration Manager" alone does not make her a managing or general agent as required by Rule 4(m). Plaintiff argues that service upon an individual holding Ms. Johnson's title is proper.

Mr. Yospe's undisputed declaration shows that Defendant made several representations, albeit inadvertent given Defendant's current motion, that Ms. Johnson had the authority to accept

3

service. This case turns primarily on Mr. Yospe's interactions with the unnamed receptionist. During Mr. Yospe's first visit, the receptionist said that she unsuccessfully tried to reach personnel in the legal department, which demonstrates knowledge of Mr. Yospe's purpose. Upon Mr. Yospe's return the following day, the receptionist directly inquired into his purpose, to which Mr. Yospe replied that he intended to serve process. Now with clear knowledge of Mr. Yospe's purpose, the receptionist contacted Administrative Manager Johnson. Ms. Johnson then appeared and accepted the package after Mr. Yospe told her that it contained legal process. These facts make it "fair, just, and reasonable to imply" that Ms. Johnson had the authority to receive service. Direct Mail Specialists, 840 F.2d at 688. Defendant cannot allow individuals at its offices to represent to a process server that a particular individual has authority to accept process and then later complain that service was insufficient. In finding sufficient service upon Defendant through Ms. Johnson, the Court relies not only upon Ms. Johnson's title but also the receptionist's implicit identification of Ms. Johnson as a proper individual to receive service.

Unlike in the cases it relies upon, Defendant has remained silent on whether Ms. Johnson had proper authority. In Chapman v. EEOC, the court found insufficient service when the plaintiff served the defendant's employee who later declared that she was unauthorized to receive process. 2008 WL 782599, at *3 (N.D. Cal.). In Audio Toys, Inc. v. Smart AV Pty Ltd., the plaintiff served the defendant's employee at a trade show after observing the employee provide informational brochures and product

4

demonstrations. 2007 WL 1655793, at *4 (N.D. Cal.). The employee also later declared that he lacked the authority to receive process. 2007 WL 1655793, at *1 (N.D. Cal.). No such declaration has been submitted in this case.

Brahmana v. Lembo, 2009 WL 1424438 (N.D. Cal.), is another case relied upon by Defendant that is readily distinguishable. In Brahmana, the court found that service upon a ten-percent shareholder in the defendant's company was insufficient. Id. at *4. The court stated that a mere ten percent ownership in the defendant company did not create sufficient authority to receive service. Id. Here, as stated above, the Court rests its conclusion upon Ms. Johnson's status as implied by her title, along with Mr. Yospe's interactions with the receptionist. Thus, Brahmana is inapposite.

Defendant points out that Plaintiff has not yet filed proof of service as required by Rule 4(l). However, Rule 4(l)(3) provides, "Failure to prove service does not affect the validity of service" and a "court may permit proof of service to be amended." While Plaintiff's proof of service is dilatory, the Court will allow Plaintiff to file proper proof of service within three days of this order.

Even though Plaintiff unwisely waited until the last day to serve process, the undisputed evidence shows he served process in compliance with Federal Rule of Civil Procedure 4.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss for insufficient service of process (Docket No. 12). Plaintiff must provide proof of service within three days of this

5

order being issued.  Failure to provide proper proof of service will result in dismissal of Plaintiff's case without prejudice.

IT IS SO ORDERED.

Dated: September 14, 2009

CLAUDIA WILKEN
United States District Judge